IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NATALIA SANTIAGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CV-247-KC |
| | § | |
| YWCA OF EL PASO FOUNDATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered Defendant's Motion for Summary Judgment (the "Motion"), ECF No. 4, in the above-captioned case (the "Case"). By the Motion, Defendant requests that the Court grant summary judgment in its favor on Plaintiff's single claim against it. *See* Mot. 3. For the following reasons, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

   **A.   Procedural History**

Plaintiff sued Defendant for racial discrimination in state court on April 22, 2014. *See* Pet., ECF No. 1, 8-12. Plaintiff claims that Defendant violated 42 U.S.C. § 1981 by firing her in retaliation for reporting her supervisor's racially insensitive comments to Defendant's human resources department. *See id.* ¶¶ 8-20. Defendant removed the Case to this Court on the basis of federal question jurisdiction on June 30, 2014. *See* Notice of Removal, ECF No. 1, 1-2. Defendant filed the Motion on July 3, 2014. *See* Mot.

   **B.   Factual Background**

More than fourteen days have passed since Defendant filed the Motion, and Plaintiff has

1

not filed a response. *See* W.D. Tex. L.R. CV-7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion."). Federal Rule of Civil Procedure 56(e) provides that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the [summary judgment] motion." Fed. R. Civ. P. 56(e). Additionally, this Court's Standing Order Regarding Motions for Summary Judgment (the "Standing Order")[1] provides that, if a non-movant fails to adequately respond to a statement of proposed undisputed facts filed by a movant for summary judgment, the Court may deem admitted "[a]ll material facts set forth in said statement." Standing Order (a)(1). Therefore, as the Court describes in greater detail below, the Court deems admitted the following facts set forth in Defendant's Proposed Undisputed Facts ("PUF"), ECF No. 4-2, and the affidavit of Defendant's president Michael White ("White Affidavit"), ECF No. 4-1. *See also M.L. ex rel. A.L. v. El Paso Indep. Sch. Dist.*, 610 F. Supp. 2d 582, 586 n.2 (W.D. Tex. 2009), *aff'd*, 369 F. App'x 573 (5th Cir. 2010) (enforcing and applying Standing Order).

Defendant is a "501(c)(3) charitable foundation" with "no employees." White Aff. ¶ 2; PUF ¶ 1. As a result, Defendant "has never been the employer of [Plaintiff]." White Aff. ¶ 2; *accord* PUF ¶ 2.

## II. DISCUSSION

### A. Standard

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Weaver v. CCA*

---

[1] A copy of the Standing Order is available at
http://www.txwd.uscourts.gov/Rules/StandingOrders/ElPaso/StOrd_KC_re_SumJudgment_050112.pdf.

*Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

A court resolves factual controversies in favor of the nonmoving party, but establishing a factual controversy requires more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, a court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence.

*Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"[A] district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Instead, the Court must first determine that the movant has established that there is no genuine issue of material fact. *See Sangi v. Fairbanks Capital Corp.*, 219 F. App'x 359, 361-62 (5th Cir. 2007). Nevertheless, under Federal Rule of Civil Procedure 56(e)(2)-(3), if a party "fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for the purposes of the [summary judgment] motion," or "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The Standing Order implements Rule 56(e) and provides in relevant part:

> There shall be annexed to a motion for summary judgment a document entitled "Proposed Undisputed Facts," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. *All material facts set forth in said statement will be deemed admitted* unless controverted by [a document filed by the non-movant with the papers opposing a motion for summary judgment] entitled "Response to Proposed Undisputed Facts," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Proposed Undisputed Facts whether each of the facts asserted by the moving party is admitted or denied.

Standing Order (a)(1)-(2) (emphasis added). *See also M.L.*, 610 F. Supp. 2d at 586 n.2 (enforcing and applying Standing Order).

**B.      Analysis**

Defendant, analogizing to the Title VII context,[2] in which a non-employer generally cannot be held liable for the employment actions of another entity, argues that it cannot be held liable under 42 U.S.C. § 1981 because it never employed Plaintiff. *See* Mot. 3 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361-64 (5th Cir. 1993)). Defendant contends that "[i]t is well settled that a non-employer has no liability for the employment actions of another entity." *Id*. Although the Court rejects this characterization of the applicable law as overly broad, the Court nonetheless grants summary judgment in Defendant's favor for the reasons described below.

"42 U.S.C. § 1981 – which declares that all persons 'shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens' – prohibits not only racial discrimination but also retaliation against those who oppose it." *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, --- U.S. ----, 133 S.Ct. 2517, 2529 (2013) (quoting *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 452-53 (2008)). In the employment context, racial discrimination and retaliation claims under § 1981 are largely governed by the same standards that govern those claims in the Title VII context. *See DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007) (citations omitted); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (citations omitted).

However, § 1981 is nonetheless broader than Title VII in some respects. Notably, "[u]nlike Title VII . . . 42 U.S.C. § 1981 does not limit claims only to statutory 'employers.'" *McIntyre v. Roly's Trucking, Inc.*, No. 4:14–CV–193–A, 2014 WL 1692782, at *2 (N.D. Tex. Apr. 29, 2014) (citing *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 337-38 (5th Cir. 2003)). "In

---

[2] Title VII, among other things, prohibits employment discrimination on the basis of race. *See* 42 U.S.C. § 2000e-2(a).

the employment context, the Fifth Circuit has recognized a right of recovery under § 1981 against [non-employer] defendants under certain circumstances." *Id*. (citing *Foley*, 355 F.3d at 337-38). Thus, even though Plaintiff has admitted that she was never employed by Defendant, that alone does not defeat her § 1981 claim, notwithstanding Defendant's argument to the contrary.

"The Fifth Circuit 'has declined to define comprehensively the universe of [non-employer defendants] who can be held liable under § 1981.'" *Black Farmers and Agriculturists Ass'n, Inc. v. Hood*, Civil Action No. 3:13CV763TSL–JMR, 2014 WL 935147, at *7 (S.D. Miss. Mar. 10, 2014) (quoting *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 861 (N.D. Tex. 2008)). *Accord Walker v. FXI*, No. 1:11CV231–SA–DAS, 2013 WL 1123364, at *3 (N.D. Miss. Mar. 18, 2013). However, there appears to be "no Fifth Circuit case expanding race discrimination and retaliation claims under § 1981 in the employment context to third parties who are not in some form of employment relationship with the plaintiff as employer, coworker, or supervisor." *McIntyre*, 2014 WL 1692782, at *2. *Accord Miller*, 541 F. Supp. 2d at 863-65. "Nor does it appear likely that the Fifth Circuit would recognize such a claim." *Id*. (citing *James v. Parish*, 421 F. App'x 469, 470 (5th Cir. 2011); *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997)). *Accord Miller*, 541 F. Supp. 2d at 863.

There is no evidence in the record that Defendant acted as Plaintiff's employer, coworker, or supervisor. *See* PUF; White Aff. Nor is there any evidence in the record of any other type of employment relationship between Plaintiff and Defendant. *See* PUF; White Aff. *See also Black Farmers and Agriculturists Ass'n, Inc.*, 2014 WL 935147, at *8 (ruling that a court should not impose liability under § 1981 where the defendant is a "complete stranger" to the contract at

issue). As a result, there exists no genuine issue of material fact regarding whether Defendant had an employment relationship – or, indeed, any relationship at all – with Plaintiff that could give rise to liability under § 1981, so Defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322-23; *Weaver*, 529 F.3d at 339. Because Defendant is the only defendant in the case, and because Plaintiff's § 1981 claim is her only claim against Defendant, *see* Pet. ¶¶ 21-22, the Court's grant of summary judgment disposes of the Case.

## III. CONCLUSION

It is therefore **ORDERED** that the Motion is **GRANTED**. The Clerk shall close the Case. The Court shall issue a final judgment separately.

**SO ORDERED**.

**SIGNED this 24th day of July, 2014.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE